# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **MARK EDWARD McGRATH,**         Petitioner,    vs.    **UNITED STATES OF AMERICA,**         Respondent. | CASE NO: CV03-81-E-EJL         CR95-15-E-EJL    **MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Petitioner Mark McGrath's notice of appeal which was filed on May 31, 2005 (Docket No. 261). The pleading appears to be a notice of appeal regarding this Court's Order denying the motion for reconsideration of the denial of Mr. McGrath's successive 8 U.S.C. § 2255 motion (Docket No. 260) which was filed on May 12, 2005.

Pursuant to § 2253, a certificate of appealability is required along with the notice of appeal. Accordingly, the Court will deem the notice of appeal to also be a motion for a certificate of appealability. The Court must now decide whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

Having carefully reviewed the following issues and otherwise being fully advised, the Court enters the following Order.

**Motion for Certificate of Appealability**

## I. Standard of Law

In order to pursue any appeal from the denial or dismissal for writ of habeas corpus brought by a federal prisoner under 28 U.S.C. § 2255, a petition/appellant must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c);[1] Fed. R. App. P. 22(b).[2]

When the denial or dismissal of a habeas corpus petition is based upon the merits of the claims in the petition, a district court should issue a certificate of appealability only where the appeal presents a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). To satisfy the "substantial showing" standard, a petitioner "must demonstrate that the issues are debatable among jurists of reason[,] that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394-95 (1983) (setting forth the standard for issuance of a certificate of probable cause, the predecessor to the certificate of appealability).

The Ninth Circuit has not yet adopted a method for determining when a court should issue a certificate of appealability for dismissal of a habeas petition on procedural grounds. In well-reasoned opinions, the Fifth and Third Circuits have determined that a certificate should be granted "only if the petitioner makes (1) a credible showing that the district court's procedural ruling was

---

[1] 28 U.S.C. § 2253(c) provides, in pertinent part:
(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
. . .
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

[2] Fed. R. App. P. 22(b)(1) provides that "In a habeas corpus proceeding in which the detention complained of arises out of process issued . . . in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justices or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . ."

incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." Morris v. Horn, 187 F.3d 333, 340 (3rd Cir. F1999) (citing Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998); Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998); Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). This method is instructive on the procedural issues presented to the Court in this instance.

**II.    Discussion**

The Court's review of the motion for a certificate of appealablity is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991). Respectfully, the Court finds Petitioner's arguments unpersuasive. This Court and the Ninth Circuit have previously denied Mr. McGrath's requests for a certificate of appealability regarding his successive § 2255 motion. This new attempt to characterize his motion as being pursuant to § 2241, instead of § 2255 is meritless. Additionally, Petitioner does not set forth any new arguments to support the granting of a certificate of appealability.

To the extent that the Petition could be deemed a petition for habeas relief pursuant to 28 U.S.C. § 2241, the Court lacks jurisdiction to rule on such a motion. Petitioner's claims do not challenge the manner, location, or condition of execution of petitioner's sentence, and Petitioner has not shown that his remedy, under a motion to vacate, set aside, or correct sentence, was inadequate or ineffective to test the legality of his detention. A federal prisoner authorized to seek relief under § 2255 may not petition for habeas corpus relief pursuant to § 2241 "if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner has already had a § 2255 motion heard by this Court and is not entitled to another bite at the apple via § 2241.

The Court finds Petitioner has made no credible showing or any new arguments as to why this Court's ruling denying the successive § 2255 motion or the motion for reconsideration of the denial of the successive § 2255 motion is debatable. Nor can Petitioner make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability cannot issue, and the Court finds it appropriate to deny Petitioner's request.

### Order

Being fully advised in the premises, the Court hereby orders that Petitioner's Motion for a Certificate of Appealability included in the notice of appeal (Docket No. 261) is **DENIED.** This matter is to be forwarded to the Ninth Circuit for its review of the denial of the certificate of appealability.

DATED: **February 7, 2006**

Honorable Edward J. Lodge
U. S. District Judge